

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# Mory-Lamas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3773

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mory-Lamas v. Atty Gen USA" (2006). *2006 Decisions.* Paper 825.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/825

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3773

———

MOISES R. MORY-LAMAS,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

———

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A24-552-774

———

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2006

———

Before: BARRY, VAN ANTWERPEN and SILER,[*] Circuit Judges

———

( Filed: June 28, 2006 )

———

OPINION

———

————————————————

[*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals
for the Sixth Circuit, sitting by designation.

BARRY, Circuit Judge

Moises Mory-Lamas petitions this Court for review of a Board of Immigration Appeals ("BIA") order finding him ineligible for withholding of removal because of a prior conviction for a narcotics offense. We will dismiss the petition for review.

**I.**

Petitioner, a native and citizen of Peru, overstayed a visitor authorization in 1981 and was, thereafter, granted voluntary departure until November 7, 1983. He remained in the United States,[1] however, and in 1987 pled guilty in state court to possession of cocaine.[2] Nevertheless, on December 22, 1989, petitioner received a grant of advance parole to return to Peru for a short visit to his ailing father. On the tenth anniversary of that grant of advance parole, petitioner was served with a notice to appear in removal proceedings. The December 22, 1999 notice alleged that petitioner was removable on account of, *inter alia*, the commission of a controlled substance offense.

An Immigration Judge ("IJ") concluded, in a February 9, 2000 order, that petitioner was removable because he had reentered the "country without permission to enter after being deported from the United States," and, furthermore, was an alien convicted of a controlled substance violation. (SA21-22) The reentry without admission

---

[1] Petitioner married a United States citizen in 1984, sought legalization benefits in 1986, and filed with his wife a form I-130 petition for adjustment of status on August 7, 1987.

[2] He was sentenced to 364 days in prison and three years probation.

2

finding was based on the IJ's conclusion that petitioner self-deported when he traveled to Peru on advance parole. The BIA upheld the determination that petitioner was removable on account of the controlled substance violation, but disagreed with the IJ that petitioner had self-deported in 1989. It concluded that he had "accrued a sufficient period of continuous physical presence in the United States for purposes of section 240A(b)(1) of the Act." (A28) Despite affirming the controlled substance basis for removal, the BIA remanded the case to permit "a merits hearing on his eligibility for cancellation of removal." (A28)

On remand, the IJ addressed petitioner's eligibility for cancellation of removal pursuant to INA § 240A(b)(1), which permits the Attorney General to adjust the status of an otherwise inadmissible or deportable alien if that alien has, among other things, "not been convicted of an offense under § 212(a)(2) . . . ." 8 U.S.C. § 1229b(b)(1)(C). On July 13, 2001, the IJ issued an order granting petitioner cancellation of removal, despite the controlled substance offense. On appeal, however, the BIA found that petitioner's drug conviction, which "clearly falls under section 212(a)(2) of the Act," rendered him ineligible for cancellation of removal regardless of whether he met the other preconditions, such as the ten-year continued presence requirement. That May 28, 2003 order was timely challenged in a petition for review filed in this Court on June 24, 2003. On December 18, 2003, we dismissed the petition for lack of jurisdiction in light of petitioner's conviction for a controlled substance offense.

3

On August 11, 2004, more than a year after the May 2003 final order of removal, petitioner filed a motion to reopen. He sought adjustment of his status and waiver of inadmissibility on the basis of a visa petition that was to be filed on his behalf by his wife. On September 20, 2004, the BIA denied the motion as untimely and observed that, in any event, petitioner had failed to make a *prima facie* showing that he was eligible for adjustment of status. Shortly thereafter, on October 7, 2004, petitioner filed in the District Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The habeas petition was pending on May 11, 2005, the date the REAL ID Act became effective, and, consequently, was converted into a petition for review and transferred to this Court.[3] *Hernandez v. Gonzales*, 437 F.3d 341, 344 (3d Cir. 2006) (citing REAL ID Act, Pub. L. No. 109-13, div. B, tit. I, § 106(c)).

## II.

In the petition for review now before us, petitioner challenges the order of removal issued by the BIA on May 28, 2003. We have passed this way before. Petitioner timely filed a petition of review within thirty days of the May 2003 order, *see* 8 U.S.C. 1252(b)(1), and we held in December 2003 that, because of his controlled substance

---

[3] In the habeas petition, petitioner also challenged his continued custody by immigration officials. The District Court determined it had jurisdiction over that claim, but dismissed the petition in light of petitioner's concessions that he "'has refused to cooperate with the government with respect to his travel document' and that 'he is willing to remain incarcerated rather than leave the United States.'" (A6) Petitioner argues the merits of that determination on appeal. He never appealed that dismissal, however, and we therefore lack jurisdiction to consider it.

conviction, we could not exercise jurisdiction over the petition. That resolved the question and, we add, did so correctly. *See* 8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1182(a)(2)(A)(i)(II). Nothing material has changed, and we therefore will again dismiss the petition insofar as it challenges the May 28, 2003 order of removal.[4]

Nor will we review the BIA's denial of the motion to reopen. Although petitioner presses arguments relating to the denial in his reply letter to the government's brief, his opening brief is dedicated to challenging the May 28, 2003 order. "An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (citation omitted). This is not an "exceptional case" calling on us to excuse the waiver. *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005). The denial of the motion to reopen, determined to be untimely by the BIA, is reviewed for abuse of discretion. *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001). We can identify no apparent abuse. Petitioner offers no persuasive basis to question either the BIA's timeliness determination or its conclusion that, at the time of his motion to reopen, petitioner had not made a *prima facie* showing that he was eligible for adjustment of status.

---

[4] Although the REAL ID Act permits us to exercise jurisdiction over "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), we will not address petitioner's additional, apparently new, arguments that his removal is barred by the doctrine of laches and the ex post facto clause of the United States Constitution, neither argument having any conspicuous merit.

## III.

For the foregoing reasons, we will dismiss the petition.